IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SMITH, | : | |
| Petitioner | : | |
| | : | No. 1:17-cv-02339 |
| v. | : | |
| | : | (Judge Kane) |
| COMMONWEALTH OF | : | |
| PENNSLYVANIA, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Before the Court is Petitioner Charles E. Smith ("Smith")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on December 20, 2017. (Doc. No. 1.) On January 24, 2018, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Smith that the Court could examine his petition as filed, or Smith could withdraw his petition and file one, all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 6.) Smith returned his notice of election, indicating that he elects for the Court to examine his petition as filed. (Doc. No. 7.) Upon preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254,[1] the Court will dismiss the petition without prejudice because there is an ongoing state court criminal proceeding.

**I.     BACKGROUND**

Smith is presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania. (Doc. No. 1.) Smith states that he was arrested by police in Dauphin County in June of 2016,

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

1

and provides his criminal docket number for his pending criminal case in the Court of Common Pleas of Dauphin County. (Id.) In reviewing his criminal docket, it appears that Smith has been charged with: false identification to law enforcement officer; disorderly conduct; loitering and prowling at night; theft from a motor vehicle; flight to avoid apprehension; possessing an instrument of crime; use/possession of drug paraphernalia; intentional possession of controlled substance by a person not registered; and possession of controlled substance, contraband by an inmate. See Commonwealth v. Smith, CP-22-CR-3690-2016.[2] The state court docket reveals that Smith has not yet had a trial, and as of January 23, 2018, his plea hearing has been continued to March 27, 2018. (Id.) In his petition with this Court, Smith claims that with respect to his state criminal proceedings: the district justice failed to allow him to inspect physical evidence at the preliminary hearing; the affidavit of probable cause does not contain a stamp or signature of an issuing authority; the district justice did not allow a stenographer at the hearing; Smith was subjected to an unreasonable search during his booking; and Smith was charged with contraband by an inmate while at the booking center. (Doc. No. 1 at 1.)

## II. LEGAL STANDARD

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). Nevertheless, federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in a

---

[2] The Unified Judicial System of Pennsylvania Web Portal provides the docket of the criminal case pending against Smith in the Court of Common Pleas of Dauphin County. See https://ujsportal.pacourts.us/DocketSheets/CP.aspx (enter docket number "CP-22-CR-0003690-2016") (last accessed Mar. 15, 2018). A district court may take judicial notice of proceedings in another court. See Minney v. Winstead, Civ. No. 12-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

state criminal proceeding.³ Id. at 441-42. Moreover, while exhaustion of state remedies is statutorily mandated only in post-trial situations, see 28 U.S.C. § 2254(b), an exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed through decisional law. Moore, 515 F.2d at 442. "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." Id.

Exhaustion serves the interests of federalism and comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). The petitioner bears the burden of demonstrating that he has exhausted his state remedies, which requires the petitioner to show that he has fairly presented his claim to the state courts. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987); Picard v. Connor, 404 U.S. 270, 278 (1971). To be fairly presented to the state courts, both the legal theory and the facts supporting the claim must have been presented. O'Halloran, 835 F.2d at 508. Additionally, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." O'Sullivan, 526 U.S. at 845. A district court should not issue a writ of habeas corpus without exhaustion at the pre-trial stage unless extraordinary circumstances are present. Moore, 515 F.2d at 443. "In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

---

³ It is apparent from the instant petition and Petitioner's state court docket that he is a pretrial detainee and is therefore not in custody pursuant to a state court judgment. As such, Petitioner cannot proceed pursuant to § 2254, but rather, may proceed via § 2241 before a judgment is entered in a state criminal proceeding. See Smith v. Pa. State Atty. Gen., Civ. No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011).

3

Moreover, absent extraordinary circumstances, Younger abstention[4] requires that a district court abstain from enjoining pending state criminal proceedings when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)); see Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (stating that pre-trial habeas jurisdiction must be exercised sparingly in order to prevent interference in the state criminal process).

## III. DISCUSSION

The Court concludes that there is an ongoing state criminal proceeding wherein Smith is a defendant, and granting Smith's request for relief would interfere with those proceedings. See Commonwealth v. Smith, CP-22-CR-3690-2016. Additionally, the state's criminal case against Smith undoubtedly implicates important state interests as to the state's enforcement of its own criminal laws. See Wallace v. Keen, Civ. No. 12-1366, 2012 WL 5197948, at *4 (M.D. Pa. Oct. 19, 2012). Finally, Smith has the opportunity to raise any constitutional claims in the context of his state criminal proceedings. See id.

Moreover, Smith has not demonstrated that Younger abstention is inappropriate on any of the following grounds: (1) that the ongoing state proceedings were undertaken in bad faith; (2) that such proceedings were meant to harass him; or (3) that there is some extraordinary circumstance that would prevent a significant and immediate potential for irreparable harm to the

---

[4] See Younger v. Harris, 401 U.S. 37 (1981). The Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. Loftus v. Twp. of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

4

asserted federal interest by deferring to the state court. See id.; see also Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). Lastly, "[i]t does not appear from the record that [Smith has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." See Younger, 401 U.S. at 47 (quoting Douglas v. Jeannette, 319 U.S. 157, 164 (1943)).

Consequently, because Smith is raising issues regarding the propriety of his arrest and state court criminal proceedings, these claims should first be addressed in state court. Smith's claims satisfy the requirements of abstention, and the instant habeas action does not demonstrate the type of extraordinary circumstance contemplated by Younger. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required to preserve the integrity of the state judicial process.

## IV. CONCLUSION

For the foregoing reasons, Smith's petition for writ of habeas corpus (Doc. No. 1), is dismissed without prejudice. An appropriate Order follows.

s/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania